UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLITA ANDREA BLANCO; THE
NATIONAL SCIENCE FOUNDATION,

Plaintiffs,

-against-

JUDGE VALARIE PELS (BODY); NYC.GOV;
HHS,

Defendants.

25-CV-2231 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff alleges that her claims against New York State Family Court Judge Valerie Pels

arose in Plaintiff's home on an unspecified date. (ECF 1 at 5.) She claims that Judge Pels "tried

to steal research that was part of the dis[c]retionary agreement."[1] (*Id.* at 2.) She further claims

that Judge Pels "refuse[d] to pay cost of cases," (*id.*), "g[ave] information to civilian to harass

[Plaintiff] in her home – sexual exploitation by making her feel that [was] the only way to make

ends meet," and "undermined the President's Orders[,] then manipulat[ed] buyers to give her a

fair judgment," (*id.*).

Plaintiff's injuries include "financial abuse, mental abuse, provision abuse, retaliation . . .

case tampering, refuse to pay invoice, they enslave me parental slavery." (*Id.* at 6.) She seeks "a

settlement for unpaid invoice and damages to my character and career . . . [and] my executive

order wages." (*Id.*)

## DISCUSSION

**A.     Frivolous claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is

frivolous or malicious. 28 U.S.C. §1915(e)(2)(B). A complaint is "'factually frivolous' if the

sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's allegations that Judge Pels "tried to steal [her] research" and provided "information to civilian to harass her in her home," which included "sexual exploitation," are fanciful. Her claims are unsupported by any facts and are indisputably meritless, as there is no legal theory on which she can rely. In addition, among many other issues, to the extent Judge Pels presided over Plaintiff's family court proceeding, Plaintiff has not addressed the judicial immunity of Judge Pels. See *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature.").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint is therefore dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend

3

as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Warning**

Plaintiff has filed numerous cases in this court, many of which she has repeatedly brought against the same defendants, which she at times names as a plaintiff. *See Blanco v. Chime/Cash App*, No. 25-CV-6361 (LTS) (S.D.N.Y.) (complaint asserting claims for "group abuse"); *Blanco v. Amazing Great Beauty of Science*, No. 25-CV-6357 (PAC) (S.D.N.Y.) (complaint seeking damages that transpired in "The House Scorpio and Taurus"); *Amazing Great Beauty of Strategic Serv. v. Brady*, No. 25-CV-6356 (LTS) (S.D.N.Y.) (complaint seeking damages for "spiritual trespass" and other injuries); *Blanco v. Blige*, No. 25-CV-05437 (LTS) (complaint asserting claims against rap artist for, among other things, "LOL (slavery)"); *Blanco v. The National Science Foundation*, No. 25-CV-5436 (LTS) (S.D.N.Y. Aug. 26. 2025) (dismissed for failure to pay the fees or to ask that the fees be waived); *Blanco v. Pels*, No. 25-CV-5435 (LTS) (S.D.N.Y.) (second complaint against Judge Valerie Pels*); Blanco v. HUD*, No. 25-CV-2229 (LLS) (S.D.N.Y.) (second complaint suing Judge Pels, and others, dismissed with leave to replead); *Blanco v. Federal Government (HHS)*, No. 24-CV-8202 (S.D.N.Y. Dec. 3, 2024) (third complaint against Judge Pels dismissed for failure to pay the fees or submit an IFP application).

The Court cautions Plaintiff that further frivolous or vexatious litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

4

The Court warns Plaintiff that further frivolous or vexatious litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission from the court to file a new action. See 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:    February 26, 2026
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.